UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE TAYLOR and VIRGINIA TAYLOR, h/w <br><br> Plaintiffs <br><br> vs. <br><br> MANN BRACKEN, LLP <br><br> Defendant | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Lonnie Taylor and Virginia Taylor, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Lonnie Taylor and Virginia Taylor, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a principal place of business in this District.

## III. PARTIES

4. Plaintiffs, Lonnie Taylor and Virginia Taylor, h/w, are adult natural persons residing at 454 Ford Avenue, Stanardsville, VA 22973.

5. Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a Limited Liability Partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Virginia with its principal place of business located at 4660 East Trindle Road, Mechanicsburg, PA 17050.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Defendant, by and through its agents, has repeatedly harassed and abused Plaintiffs with regard to an alleged consumer debt, namely an American Express credit card.

8. In or around the middle of July 2009, Defendant began a barrage of abusive telephone communications to Plaintiffs' home with regard to the aforementioned debt.

9. Plaintiffs have informed Defendant's agents repeatedly that they are working with a debt settlement company, Square One Debt Settlement, LLC ("Square One").

10. Square One, on Plaintiffs' behalf, sent a cease contact letter to Defendant dated July 14, 2009. A copy of the letter is appended hereto and marked "**EXHIBIT A**".

11. Plaintiff, Virginia Taylor, is seriously ill, having been diagnosed with Leukemia, severe colon disease and diabetes.

12. On or about August 10, 2009, Plaintiff, Virginia Taylor requested that Defendant not call her home because her home health aide was able to hear the calls and messages and because it was difficult for Mrs. Taylor to attempt to get up and answer the telephone. Plaintiff, Virginia Taylor, asked Defendant to deal directly with Square One.

13. Defendant's agents, including but not limited to Alex Pettiro and Tim Augustine, refused to discontinue telephone contact and, in fact; went on to place 95 telephone calls to Plaintiffs' home in less than 30 days, between August 10, 2009 and September 8, 2009.

14. On or about August 10, 2009, Defendant's agent, Alex Pettiro, laughed at Plaintiff, Virginia Taylor and told her that Defendant would take Plaintiffs to court, auction off their home and have Plaintiff, Lonnie Taylor's, wages garnished. He also stated that Defendant does not work with debt settlement companies and that the "judge" would laugh at her also.

15. On or about August 10, 2009, one of Defendant's agents called Plaintiff, Lonnie Taylor at his place of employment and stated that the call was in regard to debt collection.

16. Plaintiff is not allowed to receive personal calls at work and he asked Defendant's agent not to contact him there again.

17. Defendant's agent, Alex Pettiro, in subsequent telephone conversations threatened Plaintiff, Virginia Taylor, that he would call her husband at work again if she did not make arrangements with him immediately.

18. On or about August 12, 2009, one of Defendant's agents called Plaintiff, Virginia Taylor's son, Edward Thomas at his home and spoke to his grandmother, Lula Lettner. Neither Edward Thomas nor Lula Lettner is related to Plaintiff, Lonnie Taylor.

19. Defendant's agent stated she was calling from Mann Bracken and was attempting to collect a debt from Lonnie Taylor.

20. Square One, on Plaintiffs' behalf, sent a second cease contact letter to Defendant dated August 28, 2009. A copy of the letter is appended hereto and marked "**EXHIBIT B**".

21. Defendant, by and through its agents, continued to harass and abuse Plaintiffs on a daily basis. Plaintiff, Virginia Taylor bore the brunt of this abuse.

22. Sick, tired and mentally exhausted, Plaintiff, Virginia Taylor lodged a complaint against Defendant with the Commonwealth of Virginia's Office of Consumer Affairs in or around the end of August 2009.

23. Virginia's Office of Consumer Affairs contacted Defendant on Plaintiffs' behalf via letter dated September 1, 2009.

24. Defendant responded with a letter dated September 14, 2009 and denied ever having received written communication from Plaintiffs or Square One. A copy of the Defendant's letter is appended hereto and marked "**EXHIBIT C**".

25. The aforementioned letter further stated that Square One had indicated to Defendant that Plaintiff, Virginia Taylor, was no longer willing to resolve the alleged debt through Square One's services.

26. This has never been indicated to Defendant by any representative from Square One, in fact; Jocelyn Abreu, the Square One representative consistently handling Plaintiffs' accounts has attempted to contact and speak to Defendant's agents and/or attorneys regarding the alleged debt on numerous occasions.

27. Defendant was required to cease all further communication with Plaintiffs after having received a written request to that effect. Defendant continued collection activity and severe harassment and thereby, violated the FDCPA.

28. Furthermore, Defendant contacted third parties in a prohibited manner in that; the contact was not for the purpose of correcting or confirming location because Defendant already knew Plaintiffs' contact information. The intended purpose of the third party contact was to harass family, friends and/or co-workers and thus, harass and coerce Plaintiffs to pay the alleged debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiffs, communicated with persons other than Plaintiffs that Plaintiffs owe a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

34. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT ONE – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes

and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a.     b(1) Defendant's agent contacted third parties for reasons other to confirm or correct location;

    b.     b(2) Defendant's agents stated that Plaintiffs owed a debt when contacting third parties;

    c.     c(a)(3) Defendant's agents contacted Plaintiff at work when such communication was prohibited;

    d.     c(c) Defendant's agents contacted Plaintiffs after written notification that Plaintiffs wanted Defendant to cease communication;

    e.     d Defendant's agent conducted themselves in a manner which was harassing, oppressive and abusive toward Plaintiffs;

    f.     d(2) Defendant's agent used abusive language towards Plaintiffs;

    g.     d(5) Defendant's agents caused the telephone to ring and engaged Plaintiffs in telephone conversation repeatedly;

    h.     e Defendant's agents used false or deceptive representations to attempt to collect the alleged debt from Plaintiffs;

    i.     e(5) Defendant's agents threatened to take action not intended to be taken or that could not be legally taken;

    j.     e(10) Defendant's agents used false representations or deceptive means to attempt to collect the alleged debt;

  k. f Defendant's agents used unfair and unconscionable means to attempt to collect the alleged debt.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Mann Bracken, LLP, for the following:

  a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

  b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. § 1692k;

  d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: **October 12, 2009**

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800 Fax 215-745-7880
Attorney for Plaintiff